# IN THE DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | |
|---|---|
| **CURTIS BOWDEN d/b/a** ) | |
| **CURTIS TRUCKING, and his Wife,** ) | **CASE NO.:** |
| **ELLEN BOWDEN,** ) | **JURY DEMAND** |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **AUTO TRUCK TRANSPORT USA, LLC,** ) | |
| **and DAIMLER NORTH AMERICA** ) | |
| **CORPORATION,** ) | |
| ) | |
|     **Defendants,** ) | |

## COMPLAINT

Plaintiffs, Curtis Bowden d/b/a Curtis Trucking, and his Wife, Ellen Bowden, by and through their undersigned counsel, sue the Defendants, Auto Truck Transport USA, LLC, and Daimler North America Corporation, and state:

### STATEMENT OF THE CASE

1. This is an action for personal injuries suffered by Plaintiff, Curtis Bowden d/b/a Curtis Trucking, and for loss of consortium by his wife, Ellen Bowden (collectively "Plaintiffs") against Auto Truck Transport USA, LLC, ("Defendant Auto Transport") and Daimler North America Corporation ("Defendant Daimler"). This action arises out of a collision that occurred on or about, May 20, 2018, as Plaintiff, Curtis Bowden, was legally and lawfully operating a semi-truck traveling Eastbound on Interstate 40 in Tennessee, when the two rear passenger wheels and tires from the semi-truck being driven westbound on Interstate 40 by John Batten, on

1

the business of his employer, Defendant Auto Transport, in a semi-truck believed to be owned and leased to Defendant, Auto Transport, by the Defendant, Daimler, suddenly broke free and detached from the Defendants' semi-truck, crossed over the highway median, and slammed into the front of the semi-truck being driven by the Plaintiff, Curtis Bowden, which resulted in the injuries to the Plaintiffs. The negligence of the Defendants, and each of them, was a substantially contributing factor in causing Plaintiffs' injuries.

## PARTIES

2. Plaintiff, Curtis Bowden is a semi-truck operator doing business as Bowden Trucking. Curtis Bowden and Ellen Bowden, his wife, were at all times material hereto, residents of the State of California and legally resided at 14610 Willow Leaf Road, Moreno Valley, in Riverside County, California 92555.

3. Defendant, Auto Truck Transport USA, LLC, is a for-profit corporation which conducts business throughout the United States and in the State of Tennessee at the time of the incident, and maintains its principal place of business at 10801 Corporate Drive, Pleasant Prairie, Wisconsin 53158-1603. At all times material, Auto Transport USA, LLC, was the employer of John Batten. Defendant, Auto Transport USA, LLC may be served through its agent registered with the Tennessee Secretary of State, which is Corporation Service Company, at 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717-2915.

4. Defendant, Daimler North America Corporation, is a for-profit corporation which conducts business throughout the United States and in the State of Tennessee at the time of the incident and maintains its principal place of business at 36455 Corporate Drive, Farmington Hills, Michigan 48331-3552. Upon information and belief, at all times material, Defendant, Daimler North America Corporation owned the Freightliner tractor trailer truck that was driven

by John Batten at the time of the incident set forth in this Complaint and leased said truck to Defendant, Auto Truck Transport USA, LLC.[1] Alternatively, Defendant Daimler North America Corporation manufactured and/or sold the subject vehicle to Defendant, Auto Truck Transport USA, LLC and was being transported at the time of the subject incident. Defendant, Daimler North America Corporation may be served through its agent registered with the Tennessee Secretary of State, which is CT Corporation System, at 300 Montvue Road, Knoxville, Tennessee 37919-5546.

**JURISDICTION AND VENUE:**

5. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332, in that the amount in controversy exceeds seventy-five thousand dollars ($75,000.00) and the Plaintiffs are citizens of different states than the states in which the Defendants reside and in which the Defendants are incorporated and maintain their principal places of business.

6. Venue is proper in this District because the collision that is the subject of this action occurred in Wilson County, Tennessee, which lies within the jurisdiction of this Court. Additionally, the collision was investigated by law enforcement agencies located in this District and any witnesses to the events described in this action are likely to be found within this District

---

[1] Allegations relating to the lease agreement are made upon information and belief because this information is exclusively within the control of the Defendants and Plaintiffs have not yet had the opportunity to conduct discovery. In the alternative, in the event there is no lease agreement, it is believed that Defendant Daimler manufactured and/or sold the subject vehicle to Defendant Auto Transport and the vehicle was being transported from the seller to the buyer at the time of the subject incident. Plaintiffs' pre-suit inquiries to the Defendants concerning the lease were unanswered. Plaintiffs will supplement and/or amend the allegations concerning any lease agreement if necessary upon Defendants' production of such an agreement.

3

## FACTUAL ALLEGATIONS

7. On or about, May 20, 2018, the Plaintiff, Curtis Bowden was legally operating his semi-truck while traveling Eastbound on Interstate 40 in Wilson County, Tennessee.

8. Also on or about May 20, 2018, John Batten, driver and employee of the Defendant, Auto Transport, was operating the semi-truck that is, upon information and belief, owned by Defendant Daimler and leased to Defendant Auto Transport, while traveling westbound on Interstate 40 in Wilson County, Tennessee.

9. At the time of the subject incident, Mr. Batten was employed by the Defendant, Auto Transport, and was operating the semi-truck within the course and scope of his employment.

10. At all times material, upon information and belief, the semi-truck operated by Mr. Batten was owned by the Defendant, Daimler, and leased to Defendant Auto Transport. Alternatively, the subject Truck was manufactured and/or sold by Defendant Daimler to Defendant Auto Transport in a defective condition.

11. At approximately 3:00 p.m. on May 20, 2018, both Plaintiff Curtis Bowden and Mr. Batten were traveling in opposite directions on Interstate 40 in Wilson County, Tennessee.

12. As the two vehicles approached each other, the studs of the two rear passenger wheels and tires from the Defendants' semi-truck being driven by Mr. Batten, broke or gave way, which caused the two wheels and tires to suddenly detach from the semi-truck operated by Mr. Batten. The two wheels and tires from Mr. Batten's vehicle detached completely from the vehicle and traveled at high speed across the median into the oncoming lanes of traffic, where they slammed violently into the front of the semi-truck being driven by the Plaintiff Bowden. The impact of the two wheels and tires into the front of Plaintiff's semi-truck forced the Plaintiff's semi-truck

4

and the trailer he was hauling to veer off of the interstate, where it then crossed over a ditch and crashed into a tree line. The high impact of this collision caused severe damage to the Plaintiff's semi-truck and trailer, and resulted in severe personal injuries to Plaintiff, Curtis Bowden. A photograph of Plaintiff's semi-truck and trailer at the time of the crash is provided below:

**Plaintiff, Curtis Bowden's semi-truck at the scene of the crash**



13. Plaintiff, Curtis Bowden, was extracted from the vehicle and transported to a local hospital for medical care for the examination, evaluation, and treatment of his injuries.

### COUNT I
### (Direct Negligence – Defendant Auto Transport)

14. Plaintiffs incorporate by reference all preceding paragraphs of the Complaint as if fully

5

set forth herein.

15. John Batten, was at all times material operating a 2018 white FRHT West-model truck-tractor and semitrailer combination vehicle ("Truck") with Wisconsin license plate number MV70854, which, upon information and belief, was owned by Defendant Daimler and leased to Defendant, Auto Transport.

16. Defendant, Auto Transport, provided the subject Truck to Mr. Batten for his use and operation on May 20, 2018.

17. At all times material, Defendant Auto Transport, had a duty to provide its drivers, including John Batten, with a vehicle that was safe for operation on the public highways and thoroughfares and also had a duty to ensure that its drivers were competent and capable of operating said vehicles.

18. At the aforesaid time and place, Defendant Auto Transport was negligent and breached its duty in ways that include, but are not necessarily limited to, the following:

> a) Providing its driver, John Batten, with a vehicle that was unsafe for operation on the public highways and which had a dangerous condition or defect that caused or allowed the wheel studs to break or give way during the operation of the Truck;
>
> b) Failing to properly inspect, maintain or repair the subject Truck prior to providing said Truck to its driver, John Batten for operation on the pubic highways;
>
> c) Allowing the subject Truck to be operated on the public highways when it knew or should have known, of the dangerous condition of the wheel studs

6

and the fact that they were likely to break or give way during operation of the Truck;

d) Entrusting the subject Truck to its driver, John Batten, without adequately checking their driver's logs to ensure that he had an appropriate amount of rest prior to taking the subject Truck onto the highway;

e) Entrusting the subject Truck to its driver, John Batten when it knew or should have known that Mr. Batten was not capable of operating the subject Truck in a safe and prudent manner on or about May 20, 2018;

19. On or about May 20, 2018, Defendant Auto Transport breached its duty of care and was negligent in providing the subject Truck to its driver and in allowing the subject Truck to be operated on the public highways, which negligence was the proximate cause of the collision and the injuries to Plaintiff, Curtis Bowden.

20. At all times material, it was foreseeable to Defendant, Auto Transport, that any negligence on its part as described herein, would place other motorists and truck drivers, such as Plaintiff Curtis Bowden, at substantial risk of harm.

21. As the direct and proximate result of the negligence of Defendant, Auto Transport, Plaintiff Curtis Bowden has suffered property damage, serious physical injuries and/or the aggravation of one or more pre-existing conditions, severe physical pain and suffering, mental and emotional pain and suffering, loss or diminution of the capacity for the enjoyment of life, and has incurred substantial medical treatment and expenses, and other damages and expenses. Plaintiff Curtis Bowden has additionally suffered a substantial loss of income and revenue as the result of his being incapacitated and unable to drive and earn income for a substantial period of time. All of these tangible, intangible and economic damages are ongoing and are likely to

continue in the future. Defendant, Auto Transport, is responsible for all damages incurred by the Plaintiff, Curtis Bowden, both past, present and future.

## COUNT II
### (Direct Negligence – Defendant Daimler)

22. Plaintiffs incorporate by reference all preceding paragraphs of the Complaint as if fully set forth herein.

23. Upon information and belief, at all times material, Defendant Daimler, was the owner of the 2018 white FRHT West-model truck-tractor and semitrailer combination vehicle (the subject "Truck") with Wisconsin license plate number MV70854 and leased said Truck to Defendant Auto Transport. Alternatively, Defendant Daimler manufactured and/or sold the subject Truck to Defendant Auto Transport and the subject Truck was being transported from seller to buyer at the time of the incident.

24. Defendant Daimler, at all times material, had a duty to ensure that the subject Truck which it manufactured and/or sold, or which it leased to Defendant Auto Transport, was safe for operation on public highways and thoroughfares in all respects.

25. The subject Truck that was, upon information and belief, sold or leased to Defendant Auto Transport and provided to John Batten on May 20, 2018, was defective and unsafe in that the wheels and tires on the subject Truck broke or gave way during the operation of the Truck on the public highway, causing the wheels to detach from the subject Truck and travel across the highway median, where they struck Plaintiff Curtis Bowden's vehicle and caused it to crash.

26. At the aforesaid time and location, Defendant Daimler breached its duty and was directly

8

negligent in that it provided a defective and unsafe Truck to the Defendants, Auto Transport and Batten, either by sale or by lease agreement. Had Defendant Daimler acted in accordance with its duty of care, it would have discovered the defect by inspection, testing, or other means, such that the defect would have been repaired or the subject Truck taken out of service so that it would not have been on the public highway on May 20, 2018.

27. As the direct and proximate result of the direct negligence of Defendant, Daimler, Plaintiff Curtis Bowden has suffered property damage, serious physical injuries and/or the aggravation of one or more pre-existing conditions, severe physical pain and suffering, mental and emotional pain and suffering, loss or diminution of the capacity for the enjoyment of life, and has incurred substantial medical treatment and expenses, and other damages and expenses. Plaintiff Curtis Bowden has additionally suffered a substantial loss of income and revenue as the result of his being incapacitated and unable to drive and earn income for a substantial period of time. All of these tangible, intangible and economic damages are ongoing and are likely to continue in the future. Defendant, Daimler, is responsible for all damages incurred by the Plaintiff, Curtis Bowden, both past, present and future.

## COUNT III
### (Res Ipsa Loquitur Negligence – Defendants Auto Transport and Daimler)

28. Plaintiffs incorporate by reference all preceding paragraphs of the Complaint as if fully set forth herein.

29. At all times material, the subject Truck provided to and driven by John Batten, was under the exclusive ownership and control of the Defendants, Auto Transport and Daimler, or each of them.

9

30. The cause of the Plaintiff's collision and resulting injuries was the detaching of the wheels and tires from the Defendants' subject Truck during the operation of said Truck on Interstate 40 in Wilson County, Tennessee and the fact that those wheels and tires, after breaking loose from the Defendants' Truck, were then propelled across the interstate median into the oncoming opposite lanes of traffic, where they struck the Plaintiff, Curtis Bowden's semi-truck with great speed and force, causing Plaintiff's semi-truck to veer off the interstate and collide into an adjacent tree line.

31. At the time of the subject incident, the Defendants' Truck was a brand-new 2018 model vehicle which was being operated in its expected and designed manner on Interstate 40 without any extenuating or unusual circumstances that could have caused the studs retaining the wheels and tires to break. The fact that the wheel studs on the subject Truck broke, releasing the wheels and tires from the moving Truck, is an event that would not have occurred absent one or more negligent acts on the part of the Defendants, Auto Transport and Daimler, or each of them.

32. At all times material, Plaintiff Curtis Bowden took no action whatsoever to cause or contribute to the breaking of the wheel studs on the Defendants' subject Truck and had no fault or responsibility for the events described herein.

33. As the direct and proximate result of the negligence of Defendants, Auto Transport and Daimler, or each of them, under the doctrine of res ipsa loquitur, Plaintiff Curtis Bowden has suffered property damage, serious physical injuries and/or the aggravation of one or more pre-existing conditions, severe physical pain and suffering, mental and emotional pain and suffering, loss or diminution of the capacity for the enjoyment of life, and has incurred substantial medical treatment and expenses, and other damages and expenses. Plaintiff Curtis Bowden has additionally suffered a substantial loss of income and revenue as the result of his being

incapacitated and unable to drive and earn income for a substantial period of time. All of these tangible, intangible and economic damages are ongoing and are likely to continue in the future. Defendants, Auto Transport and Daimler, or each of them, are responsible for all damages incurred by the Plaintiff, Curtis Bowden, both past, present and future.

## COUNT IV
### (Negligence Per Se – Defendants Auto Transport and Daimler)

34. Plaintiffs incorporate by reference all preceding paragraphs of the Complaint as if fully set forth herein.

35. At all times material, the Defendants, Auto Transport and Daimler, or each of them, either directly or through the actions and omissions of their agents, servants or employees, including but not limited to John Batten, violated or breached state and federal regulations applicable to the operation of the Defendants' subject Truck, including, but not necessarily limited to, the following:

   a) Tenn. Code Ann. §55-7-203 providing for weight limits per axle in the operation of commercial motor vehicles;

   b) 49 CFR §329.7 and/or 49 C.F.R. § 396.13(a) requiring proper inspection of wheels and tires on all commercial trucks prior to operation;

   c) Tenn. Code Ann. §65-15-113(a), in which the Public Service Commission has promulgated various regulations, including Regulation 1220-2-1.27, which requires truck drivers to perform pre-trip inspections on their trucks and further mandates that the driver not operate the vehicle until the inspection has been completed. Similarly, there is imposed on the owner of the subject vehicle the duty not only to allow but to

11

require its drivers to perform such inspections. *See also* Tenn. Comp. R. & Regs. 1220-2-1.20 (1992). Violation of these provisions by a driver or an employer exposes them to criminal penalties. Tenn. Code Ann. § 65-15-122.

36. As the result of the violation of one or more of these regulations and/or statutes either directly or through the acts and omissions of their agents, servants or employees, by the Defendants, Auto Transport and Daimler, or each of them, the wheels and tires of the subject Truck detached from the vehicle and struck the semi-truck being driven by Plaintiff, Curtis Bowden.

37. The violation of one or more of these regulations and/or statutes by the Defendants, Auto Transport and Daimler, or each of them, either directly or through the acts and omissions of their agents, servants or employees, constitutes negligence per se on the part of these Defendants, or each of them.

38. As the direct and proximate result of the negligence of Defendants, Auto Transport and Daimler, or each of them, under the doctrine of negligence per se, Plaintiff Curtis Bowden has suffered property damage, serious physical injuries and/or the aggravation of one or more pre-existing conditions, severe physical pain and suffering, mental and emotional pain and suffering, loss or diminution of the capacity for the enjoyment of life, and has incurred substantial medical treatment and expenses, and other damages and expenses. Plaintiff Curtis Bowden has additionally suffered a substantial loss of income and revenue as the result of his being incapacitated and unable to drive and earn income for a substantial period of time. All of these tangible, intangible and economic damages are ongoing and are likely to continue in the future. Defendants, Auto Transport and Daimler, or each of them, are responsible for all damages incurred by the Plaintiff, Curtis Bowden, both past, present and future.

## COUNT V
### (Vicarious Liability – Defendants Auto Transport and Daimler)

39. Plaintiffs incorporate by reference all preceding paragraphs of the Complaint as if fully set forth herein.

40. At all times material, John Batten was an employee of Defendant, Auto Transport, and was acting within the course and scope of his employment and for the benefit of his employer. As such, Defendant, Auto Transport, is vicariously liable under Tennessee common law for any negligence on the part of its driver employee, John Batten. Such negligence on the part of John Batten includes, but is not necessarily limited to, one or more of the following: operating a vehicle at a speed too great for the circumstances; failure to keep a proper lookout ahead; failing to load his trailer properly or pursuant to weight and balance rules and restrictions, which may have caused an excess load on the wheels and tires; failing to properly inspect the subject Truck, including the wheels and tires and the trailer load for any potentially dangerous or hazardous conditions.

41. In the alternative, or in addition to the common law vicarious liability of Defendant, Auto Transport for the negligence of John Batten, upon information and belief, the Defendant, Auto Transport and/or John Batten, jointly or severally, were also acting as agents, servants or employees of Defendant, Daimler and at all times material, were acting within the course and scope of their capacity as agents, servants or employees of Defendant, Daimler. As such, in the alternative to, or in addition to, the common law vicarious liability of Defendant, Auto Transport for the negligence of John Batten, the Defendant, Daimler, is also vicariously liable under Tennessee common law for any negligence on the part of John Batten and/or Defendant, Auto Transport.

42. Furthermore, upon information and belief, and also in the alternative, a written lease agreement covering the subject Truck may exist between the driver, John Batten, Defendant Auto Transport, and/or Defendant Daimler, that includes and/or incorporates provisions that comply with 49 U.S.C.S. § 14102 and 49 C.F.R. § 376.12. These code provisions render lessee carriers vicariously liable for injuries sustained by third parties resulting from the negligence of the drivers of leased vehicles. Thus, depending upon the existence and language of any lease agreement between the Defendants and/or John Batten, the Defendants, or each of them, could be considered the statutory employer of driver John Batten and Defendant, Daimler, could be considered the statutory employer of Defendant, Auto Transport. As such, each Defendant, or both of them, may be statutorily held vicariously liable for any of the Plaintiff's injuries attributable to the driver's negligence. Therefore, in the alternative, or in addition to, the common law vicarious liability on the part of the Defendants, Auto Transport and Daimler, said Defendants may also be vicariously liable by statute for any negligence on the part of the driver, John Batten, or each other.

43. At all times material, driver John Batten, and/or one or both of the Defendants, were negligent, as more particularly described above, which negligence was the cause or a substantially contributing factor in the wheels and tires breaking loose from the subject Truck and colliding with the semi-truck being driven by the Plaintiff, Curtis Bowden.

44. As the direct and proximate result of the negligence of driver, John Batten, and or the negligence of Defendant, Auto Transport, for which Defendants, Auto Transport and Daimler, or each of them, are vicariously liable under common law or statute, Plaintiff Curtis Bowden has suffered property damage, serious physical injuries and/or the aggravation of one or more pre-existing conditions, severe physical pain and suffering, mental and emotional pain and suffering,

loss or diminution of the capacity for the enjoyment of life, and has incurred substantial medical treatment and expenses, and other damages and expenses. Plaintiff Curtis Bowden has additionally suffered a substantial loss of income and revenue as the result of his being incapacitated and unable to drive and earn income for a substantial period of time. All of these tangible, intangible and economic damages are ongoing and are likely to continue in the future. Defendants, Auto Transport and Daimler, or each of them, are responsible for all damages incurred by the Plaintiff, Curtis Bowden, both past, present and future.

## COUNT VI
### (Loss of Consortium – Defendants Auto Transport and Daimler)

45. Plaintiffs incorporate by reference all preceding paragraphs of the Complaint as if fully set forth herein.

46. As the direct and proximate result of the incident described herein, Plaintiff Curtis Bowden, has suffered and sustained significant and permanent injuries more specifically described above.

47. Prior to the incident on May 20, 2016, as described herein, Plaintiff, Curtis Bowden, was capable of and did perform all of the duties of a husband and did perform those duties, including, but not limited to, maintaining the home and lifestyle of his family, providing love, companionship, affection, society, sexual relations, moral support and solace to his wife, Plaintiff Ellen Bowden.

48. As the result of the incident on May 20, 2016 and the resulting injuries to her husband as set forth herein, Plaintiff Ellen Bowden has suffered from the loss of society and consortium for which she is entitled to recover from the Defendants, and each of them.

15

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial as to all issues so triable pursuant to Rules 38(b)(1) and 38(c), Fed. R. Civ. P., and all other applicable rules and statutes.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand from Defendants:

a) actual, compensatory and statutory damages;

b) pre and post-judgment interest as allowed by law;

c) an award of attorneys' fees as allowed by law;

d) an award of taxable costs; and

e) any and all such further relief as this Court deems appropriate.

Respectfully submitted this 3rd day of April, 2019.

>   */s/ Tim L. Bowden*
>   Tim L. Bowden, BPR #15379
>   Michael W. Gaines BPR #037126
>   306 Northcreek Blvd., Suite 200
>   (615) 859-1996 tel. | (615) 859-1919 fax
>   bowden_law@bellsouth.net
>   mwgaines01@gmail.com
>   bowden1megan@gmail.com
>   *Attorneys for Plaintiffs*